IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL H. MARCELLE SR.**                                           **PLAINTIFF**

**v.**                                          **CAUSE NO. 1:16CV410-LG-RHW**

**PICAYUNE URGENT CARE,
WALGREENS DRUG STORE,
and TEVA PHARMACEUTICALS**                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR JUDGMENT ON THE PLEADINGS AND
DISMISSING TEVA PHARMACEUTICALS**

BEFORE THE COURT is the [29] Motion for Judgment on the Pleadings filed by Defendant Teva Pharmaceuticals. Teva, which states that it was incorrectly identified in the pleadings and that its correct name is "Teva Pharmaceuticals USA, Inc.," asks the Court to dismiss Plaintiff Michael H. Marcelle Sr.'s claims against it. Plaintiff Marcelle, who is proceeding *pro se*, did not respond to the Motion, and the time for doing so has now expired. *See, e.g.*, *Fox v. United States*, No. 3:10cv126-DPJ-FKB, 2013 WL 1310558, at *3 (S.D. Miss. Mar. 28, 2013) ("[A]lthough *pro se* litigants are afforded substantial leeway, they too must comply with court orders and deadlines.") (citing *Fujita v. United States*, 416 F. App'x 400, 402-03 (5th Cir. 2011)). Having considered the Motion and the applicable law, the Court finds that the Motion should be granted because Marcelle is not entitled to sue Teva pursuant to the Federal Food, Drug and Cosmetics Act (FDCA), 21 U.S.C. §§ 301, *et seq*. Accordingly, the Court lacks subject-matter jurisdiction over Marcelle's claim against Teva.

**BACKGROUND**

Marcelle states that he was prescribed Pravastatin by Picayune Urgent Care in November 2014 but was "not told of side effects." (Am. Compl. 4, ECF No. 18). He further states that "[o]n November 17, 2014 [he] started taking Pravastatin [he] received from Walgreens Drugs and not told of side effects." (*Id.*). He "stopped taking Pravastatin after hearing of the side effects on February 16, 2015[,] 61 pills later." (*Id.*). He now alleges that he has "been very ill for the last 2 years due to Pravastatin side effects which I was not told of[,]" and requests an award of $250,000 in damages for his pain and suffering. (*See id.*).

Marcelle has not made any specific allegations against Teva, the manufacturer of Pravastatin, but states in pertinent part that the basis for this Court's jurisdiction is "Food and Drug Administration . . . Does not follow FDA regulations on labeling of side effects." (*Id.* at 3). Liberally construing Marcelle's Amended Complaint, as it must, the Court has determined that Marcelle is attempting to state a claim against Teva under the FDCA. *See Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1094 (8th Cir. 2013) ("The labeling of prescription drugs is governed by the" FDCA.).

Teva has moved to dismiss Marcelle's claims against it based on preemption and because Marcelle is not entitled to sue under the FDCA. The Court need not consider Teva's preemption arguments because, as discussed in further detail below, the Court agrees that Marcelle is not entitled to sue under the FDCA, and, thus, the Court lacks subject-matter jurisdiction over Marcelle's claim against

Teva.[1]  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012) ("it is the duty of a federal court first to decide, sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed").

## DISCUSSION

"The FDA's responsibility to regulate prescription drugs . . . and to enforce laws with respect to such drugs, including the precise content of format and prescription drug labeling[,] is plenary and exclusive." *In re Zyprexa Prods. Liab. Litig.*, No. 04-MD-1596, 2008 WL 398378, at *5 (E.D.N.Y. Feb. 12, 2008) (citing to the FDCA).  Only the federal government and in some instances a state may sue under the FDCA.  *See* 21 U.S.C. § 337.  "Every federal court that has addressed the issue has held that the FDCA does not create a private right of action to enforce or restrain violations of its provisions and accompanying regulations." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 476 (D.N.J. 1998).  Because Marcelle, as an individual, cannot sue under the FDCA, the Court lacks subject-matter jurisdiction over his purported FDCA claim against Teva.  *See, e.g.*, *Murungi v. Touro Infirmary*, No. 11-1823, 2012 WL 1014811, at *3 (E.D. La. Mar. 21, 2012); *Logan v.*

---

[1] After the Court ordered Marcelle to amend his Complaint to assert a basis for federal jurisdiction, it appears that Marcelle is now relying solely on federal law, and, thus, federal preemption of any state law claim(s) is not at issue.  If Marcelle is trying to allege a state law claim, he has still failed to show that this Court would have jurisdiction over such claim.

*Burger King Rest.*, No. 610-141-HFF-WMC, 2010 WL 610741, at *1 (D.S.C. Feb. 18, 2010).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Motion for Judgment on the Pleadings filed by Defendant Teva Pharmaceuticals is **GRANTED**. Teva is terminated as a Defendant.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE