IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL H. MARCELLE SR.                                              PLAINTIFF

v.                                                  CAUSE NO. 1:16CV410-LG-RHW

PICAYUNE URGENT CARE and
WALGREENS DRUG STORE                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER DISMISSING ACTION
## FOR LACK OF SUBJECT-MATTER JURISDICTION

BEFORE THE COURT are the [35] Motion for Judgment on the Pleadings filed by Defendant Walgreens Co., which states that it was incorrectly identified as Walgreens Drug Store, and the [37] Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Picayune Urgent Care. Plaintiff Marcelle, who is proceeding *pro se*, did not respond to the Motions, and the time for doing so has now expired.[1] *See, e.g.*, *Fox v. United States*, No. 3:10cv126-DPJ-FKB, 2013 WL 1310558, at *3 (S.D. Miss. Mar. 28, 2013) ("[A]lthough *pro se* litigants are afforded substantial leeway, they too must comply with court orders and deadlines.") (citing *Fujita v. United States*, 416 F. App'x 400, 402-03 (5th Cir. 2011)); *Ray v. Edgar*, 115 F. App'x 293, 293 (5th Cir. 2004) ("The local rules of the district court provide sufficient notice for a *pro se* litigant such as [Plaintiff]."). Having considered the Motions and the applicable law, the Court is of the opinion that it lacks subject-

---

[1] Plaintiff Marcelle participated in a telephonic case management conference on May 22, 2017, in which counsel for Defendants Walgreens and Picayune Urgent Care informed the Court that they would each be filing dismissal motions. Further, both defense counsel certified that they mailed copies of the subject motions and accompanying memoranda to Marcelle.

matter jurisdiction over this action. Accordingly, this action must be dismissed pursuant to Federal Rule of Civil Procedure 12.

## BACKGROUND

Marcelle states that he was prescribed Pravastatin by Picayune Urgent Care in November 2014 but was "not told of side effects." (Am. Compl. 4, ECF No. 18). He further states that "[o]n November 17, 2014 [he] started taking Pravastatin [he] received from Walgreens Drugs and not told of side effects." (*Id.*). He "stopped taking Pravastatin after hearing of the side effects on February 16, 2015[,] 61 pills later." (*Id.*). He now alleges that he has "been very ill for the last 2 years due to Pravastatin side effects which I was not told of[,]" and requests an award of $250,000 in damages for his pain and suffering. (*See id.*).

The only possible basis for subject-matter jurisdiction in this action is federal question jurisdiction, as Marcelle does not allege that Defendants are citizens of different states. Liberally construing Marcelle's Amended Complaint, the Court has determined that Marcelle is attempting to allege claims against Defendants pursuant to the Federal Food, Drug and Cosmetics Act (FDCA), 21 U.S.C. §§ 301, *et seq*. It also appears to the Court that Marcelle is attempting to allege claims pursuant to Mississippi state law against Defendants.

## DISCUSSION

Only the federal government and in some instances a state may sue under the FDCA. *See* 21 U.S.C. § 337. "Every federal court that has addressed the issue

has held that the FDCA does not create a private right of action to enforce or restrain violations of its provisions and accompanying regulations." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 476 (D.N.J. 1998). Because Marcelle, as an individual, cannot sue under the FDCA, the Court lacks subject-matter jurisdiction over any purported FDCA claim against Defendants. *See, e.g.*, *Murungi v. Touro Infirmary*, No. 11-1823, 2012 WL 1014811, at *3 (E.D. La. Mar. 21, 2012); *Logan v. Burger King Rest.*, No. 610-141-HFF-WMC, 2010 WL 610741, at *1 (D.S.C. Feb. 18, 2010).

Turning then to Marcelle's purported state law claims, "[i]f a district court has original jurisdiction over a civil action, the court 'shall have supplemental jurisdiction over all other claims that are so related' to that civil action that 'they form part of the same case or controversy[.]'" *French Gourmet, Inc. v. FFE Transp. Servs., Inc.*, No. H-10-3503, 2011 WL 1230212, at *3 (S.D. Tex. Mar. 30, 2011) (quoting 28 U.S.C. § 1367(a)). "Thus, for a court to exercise supplemental jurisdiction it must first have original jurisdiction with respect to at least one of the . . . claims." *Id*. Because the FDCA does not confer original jurisdiction in this action, "the court also lacks supplemental jurisdiction" over any state law claims. *See id.*; *see also, e.g.*, *Hix v. County*, No. W:13-CV-136, 2013 WL 12130311, at *1 (W.D. Tex. Aug. 16, 2013) ("Because the Court is persuaded it does not have original jurisdiction over any of Plaintiff's claims, it cannot exercise supplemental jurisdiction over Plaintiff's remaining state-law claims."). This action must be

3

dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012) ("it is the duty of a federal court first to decide, sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [35] Motion for Judgment on the Pleadings filed by Defendant Walgreens and the [37] Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Picayune Urgent Care are **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE